UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY DOUGLAS STOVALL,

    Plaintiff,

v.

ED GOLLA, *et al.*,

    Defendants.

Case No. C07-5072 FDB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: December 21, 2007**

Presently before the court is the motion to dismiss of Defendants Ed Golla, Mark Barnufsky, Elizabeth Tiapula, Gina Cone, Charles Casey, Corydon Whaley and the Department of Corrections (DOC) (Dkt. # 21). Defendants claim that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6), as Plaintiff has failed to exhaust his administrative remedies, has failed to state a claim upon which relief can be granted, and because Defendants are entitled to sovereign and qualified immunity. (*Id.*). Plaintiff has filed no response. Under Local Rule 7 (b)(2) failure to file papers in opposition to a motion may be deemed by the court as an admission the motion has merit.[1]

---

[1] Plaintiff was given three extensions of time within which to file a response to Defendants' motion to dismiss. (*See* Dkt. # 26, 31, 33). His last motion, requesting a stay of this action until after his release from incarceration in February 2008, was denied under separate Order.

REPORT AND RECOMMENDATION - 1

For the reasons stated below, the court recommends that the motion to dismiss be granted and Plaintiff's Complaint (Dkt. # 5) be dismissed without prejudice.

## I.   FACTUAL BACKGROUND

### A.   Procedural Background and Plaintiff's Allegations

Plaintiff is a Washington State inmate currently incarcerated at the Stafford Creek Correctional Center (SCCC). (Dkt. # 1). Plaintiff was granted leave to proceed *in forma pauperis*. (Dkt. # 4). On March 7, 2007, Plaintiff filed a complaint naming Defendants Golla, Barnufsky, Tiapula, Cone, Casey, Whaley and the DOC as Defendants. (Dkt. # 7). Plaintiff alleges that on or about February 15, 2005 Defendants Barnufsky, Tiapula, and Cone, searched a box that Plaintiff was carrying and discovered documents they believed were the legal materials of other offenders. (*Id*., p. 9(A), ¶ 18). Upon finding these materials and discussing the situation with Defendant Casey, Defendants seized Plaintiffs entire box of documents despite Plaintiff's claims that the Documents were for his training course and that he needed them for three active cases he currently had filed in court. (*Id*., pp. 9(A), (B) ¶¶ 18- 22). Plaintiff claims that the actions of Defendants Barnufsky, Tiapula, Cone and Whaley were the result of receiving false information from Defendant Golla. (*Id*., p. 9(B) ¶¶ 22 & 27). Plaintiff also claims that Defendant Whaley did not respond to requests to get his materials back. (*Id*., pp. 9(B), (C) ¶¶ 29 – 31).

Ultimately all of the Plaintiff"s legal materials were returned, except for two briefs "dealing with public disclosure" that were "copies for the DOC Law Library brief banks" at McNeil Island Corrections Center and Stafford Creek Corrections Center. (*Id*., p. 9(B) ¶¶ 33-35).

### B.   Grievance Process

The Washington Offender Grievance Program has been in existence since the early 1980s. (Dkt. # 21, Exh. 1, p. 1, ¶ 3). It was implemented shortly thereafter statewide. (*Id*.). Each DOC

REPORT AND RECOMMENDATION - 2

offender is aware of the grievance program. (*Id*., ¶ 8). Inmates may challenge a variety of things within the prison system, including DOC policies, rules and procedures. (*Id*., ¶ 4). DOC's grievance program has a multi-tiered approach to address offender grievances. (*Id*., ¶ 6). If an inmate wishes to grieve the actions of DOC employees, the inmate must file a Level II grievance. (*Id*.). If the incident is the subject of an infraction investigation, the matter cannot be grieved until the investigation is complete. (*Id*., ¶ 7). Upon receiving the decision that a matter is not grievable, an offender can either appeal that decision, or they can re-file the grievance once the infraction investigation is complete. (*Id*.).

On February 18, 2005, Plaintiff filed a grievance claiming that his legal papers were improperly seized, and received a response that because the incident was the subject of an infraction investigation, the matter could not be grieved. (*Id*., Exh. 1, ¶ 10, Attach. A). The investigation did not result in an infraction. (*Id*., Exh. 2, ¶ 4), Plaintiff did not appeal the decision that the matter was not grievable, nor did he re-file his grievance once the infraction investigation was completed. (*Id*., Exh. 1, ¶ 11).

## II. DISCUSSION

A motion to dismiss for failure to exhaust administrative remedies is properly brought as an unenumerated 12(b) motion. *Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir. 2003) (citations omitted). On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

REPORT AND RECOMMENDATION - 3

When considering whether to dismiss a complaint for lack of exhaustion of administrative remedies, a court may look outside the pleadings to determine whether the issue has been exhausted. *Id*. at 1119-20. When dismissal is based on failure to exhaust administrative remedies, the dismissal should be without prejudice. *Wyatt*, 315 F.3d at 1120.

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Further, "[a]ll 'available' remedies" must be exhausted, "[e]ven when the prisoner seeks relief not available in grievance proceedings." Id. at 524. Inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any relief or taking any action in response to the grievance. *Booth v. Churner*, 531 U.S. 956, 121 S. Ct. 1819, 1825 (2001).

The Supreme Court recently reaffirmed this in *Woodford v. Ngo*. 126 S.Ct. 2378 (2006). In that case, the Court not only upheld the requirement that the inmates fully exhaust available administrative remedies, but it also held that those attempts needed to be done in a timely manner. *Id*. at 11.

In this case, the completed investigation did not result in an infraction. (Dkt. # 21, Exh. 2, ¶ 4). Once the investigation was completed and there was no infraction, Plaintiff could have appealed the determination that the incident was not grievable or re-submit the grievance once the infraction investigation was complete. (*Id*., Exh. 1, ¶ 11; Exh. 2, ¶ 4). He did neither. (*Id*.).

REPORT AND RECOMMENDATION - 4

Thus, he failed to exhaust his administrative remedies.

Accordingly, the record reflects that Plaintiff filed his lawsuit prematurely and has not yet fully exhausted his administrative remedies. Because Plaintiff failed to exhaust his available administrative remedies, his Complaint (Dkt. # 5) should be dismissed without prejudice.

**B.     Access to Courts**

Inmates have "a constitutional right of access to the courts." *Cornett v. Donovan,* 51 F.3d 894, 897 (9th Cir. 1995).  That right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers" by providing them with "adequate law libraries or adequate assistance from persons trained in the law." *Lewis v. Casey,* 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  However, because "meaningful access to the courts is the touchstone" here, to prevail on an access to courts claim, plaintiff must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Cornett,* 51 F.3d at 897 (citing *Bounds,* 430 U.S. at 823).

In addition, "only if an actual injury is alleged does a plaintiff state a claim for which relief can be granted." *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989). An actual injury consists of a specific instance in which the plaintiff is actually denied access to the courts. *Id*. A mere delay in legal access, without actual injury, does not violate an inmate's constitutional rights. *Lewis,* 518 U.S. at 362.

In this case, Plaintiff claims that the DOC failed to return two briefs "dealing with public disclosure" that were "copies for the DOC, Law Library brief banks."  (Dkt. # 5, p. 9(B), ¶¶ 33-35).  Plaintiff does not allege that these documents were going to be filed in court or that they were part of any of Plaintiff's pending lawsuits.  Thus, there is no allegation or evidence that they are legal materials needed to further a pending court case.  There is also no allegation that

REPORT AND RECOMMENDATION - 5

Plaintiff suffered any injury.

Assuming all material facts as alleged by Plaintiff as true and viewing them in the light most favorable to Plaintiff, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Plaintiff has not alleged that he was hindered in pursuing any legal claim nor has he alleged any injury resulting from the Defendants' failure to return any materials to him.  In addition, Plaintiff has been granted three extensions of time within which to file a response to Defendants' motion to dismiss and has failed to do so.  Accordingly, the undersigned recommends that Defendants' motion to dismiss be granted.

**C.      Failure to State A Claim Under 42 U.S.C. § 1983 Because DOC Is Not A Person**

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  Neither a State nor its officials acting in their official capacities are "persons" under section 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  Additionally, state agencies, such as DOC, are not "persons" within the meaning of 42 U.S.C. § 1983, and therefore they are not amenable to suit under that statute.  *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004), *cert. denied*, 125 S. Ct. 1725 (S. Ct. 1725 (2005) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. at 70).

Accordingly, the undersigned recommends that Plaintiff's claims against DOC be dismissed.

**D.      Sovereign and Qualified Immunity**

Defendant DOC urges that it is nonetheless entitled to sovereign immunity under the Eleventh Amendment.  Likewise, the remaining Defendants claim qualified immunity for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

REPORT AND RECOMMENDATION - 6

rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  As the Court has determined that Plaintiff has failed to allege deprivation of an actual constitutional right as to his claims of access to courts, the issue of immunity need not be reached as to those claims. *See e.q., Conn v. Gabbert*, 526 U.S. 286, 290 (1999).

### III.  CONCLUSION

For the reasons stated above the court should **GRANT** Defendants' motion to dismiss (Dkt. # 21) and Plaintiff's Complaint (Dkt. # 5) should be **DISMISSED WITHOUT PREJUDICE**.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 21, 2007**, as noted in the caption.

DATED this   20th   day of November, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7